**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

██████████

Plaintiff,

v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED IN SCHEDULE "A",

Defendants.

Case No. 25-cv- 11827

DEMAND FOR JURY TRIAL

**COMPLAINT**

████████ ("Plaintiff"), by and through its undersigned counsel, hereby files this Complaint for design patent infringement under the Patent Act, copyright infringement under the Copyright Act, and trademark infringement under the Lanham Act against the Partnerships and Unincorporated Associations Identified in Schedule "A"[1] ("Defendants"). In support hereof, Plaintiff, states as follows:

**I.      JURISDICTION AND VENUE**

1.      This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Patent Act, 35 U.S.C. § 1, et seq., the Copyright Act, 17 U.S.C. § 101, et seq., the Lanham Act, 15 U.S.C. § 1051, et seq., and 28 U.S.C. §§ 1338(a)-(b).

2.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants, since each Defendant directly targets business activities toward consumers in the United States, including Illinois, through their operation of or assistance in the operation of the fully interactive, commercial internet stores

---

[1] Schedule A lists Defendant's identifying information (Merchant Name, Merchant ID), the Product IDs of accused products, and the corresponding use of Plaintiff's copyrighted works.

1

operating under the Defendant domain names and/or the Defendant Internet Stores identified in Schedule A. Specifically, each of the Defendants directly reaches out to do business with Illinois residents by operating or assisting in the operation of one or more commercial, interactive e-commerce stores that sell products featuring Plaintiff's patented design, sell products using or bearing infringing versions of Plaintiff's federally registered copyrighted works, and/or sell products using counterfeit versions of Plaintiff's federally registered trademarks directly to Illinois consumers. In short, each Defendant is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

## II.    INTRODUCTION

3.       Plaintiff files this action to combat online infringers and counterfeiters who trade upon Plaintiff's reputation and goodwill by (1) making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use unauthorized and unlicensed products that infringe Plaintiff's design patent (███████████████) (the ███████████ Design"); (2) using Plaintiff's copyrighted works (███ ███████ ███████████ ███ ███████████████") in connection with the sale and advertising of the infringing products; and/or (3) selling and/or offering for sale unauthorized and unlicensed counterfeit and infringing products using counterfeit versions of Plaintiff's federally registered trademarks ████████████████████████████████████

an ███████ (█████████████) (collectively, the "███████████" Trademarks). *See* **Exhibit 1**. The Defendants created internet stores (the "Defendant Internet Stores" or the "Stores") by the dozens and designed them to appear to be selling genuine ██████████ branded products when in fact the Stores are selling counterfeit versions to unknowing customers and/or

making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use infringing products to unknowing consumers.

4.      The Defendant Internet Stores share unique identifiers, such as similar design elements of the infringing products offered for sale and, on information and belief, these similarities suggest that the Defendant Internet Stores share common manufacturing sources, thus establishing that the Defendants' counterfeiting and infringing operations arise out of the same transaction, occurrence, or series of transactions or occurrences. Defendants have gone to great lengths to avoid liability by concealing both their identities and the full scope and interworking of their counterfeiting operation, including changing the names of their Stores multiple times, opening new Stores, helping their friends open Stores, and making subtle changes to their products. Plaintiff has been forced to file this action to combat Defendants' willful infringement of Plaintiff's patented design, copyrighted works, and registered trademarks, as well as to protect unknowing consumers from purchasing infringing products over the Internet. Because of Defendant's actions, Plaintiff has been and continues to be irreparably damaged through consumer confusion, dilution, and tarnishment of its valuable trademarks and through its loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing its patented design. Accordingly, Plaintiff seeks injunctive and monetary relief.

## III.   PARTIES

**Plaintiff** ████████

5.      Plaintiff is a ████████ and is the creator and seller of ████████ ████████████████████████████████████████████████████ ████████████████████████████████ Products"). Plaintiff sells these designs through its ████████ brands, which allows consumers to purchase the

3

genuine products through the company's e-commerce marketplaces. The ██████ Products have become enormously popular and even iconic, driven by Plaintiff's exacting quality standards and innovative design. Among the purchasing public, genuine ██████ Products are instantly recognizable as such in the United States and around the world.

6.      Plaintiff's ██████ branded products are available through its website,[2] Amazon storefront,[3] eBay,[4] selected retail stores,[5] and through authorized online and brick and mortar distributors.[6] Plaintiff's founder and inventor created the unique ██████ Design after observing a demand in the marketplace for simpler and more effective ██████. Plaintiff's unique products have been advertised with its federally registered trademarks. Plaintiff continues to heavily market and promote its unique products on its e-commerce marketplaces, social media, advertisements, and product demonstration videos to educate consumers on both its products and trademarked names. Its online marketplaces and social media feature original content, reviews, and testimonials for ██████ Products.

7.      Plaintiff is the manufacturer, distributor, and retailer of ██████ Products. The Company is engaged in the business of distributing and retailing its high-quality products within the Northern District of Illinois under the federally registered ██████ Trademarks. Defendants' sales of the counterfeit products in violation of Plaintiff's intellectual property rights are irreparably damaging the Plaintiff.

8.      ██████ Products are known for their distinctive patented design. ██████ ██ that use this design are associated with the quality and innovation that the public has come

_____

██████
██████
██████
██████
██████

to expect from ████████████ Products. Plaintiff uses the following patented design in connection with its ████████████ Products, referenced as "████████████ Design" herein.

| ████████████ | ████████████ | | ████████████ | ████████████ |
|---|---|---|---|---|
| ████████ | | | | |
| ██████ | ████████████████ | | ██████ | ████████████████ |
| ██████ | | | ██████ | |
| ██████ | | | ██████ | |
| ██████ | | | ██████ | |
| ██████ | | | ██████ | ████████████ |
| ██████ | ████████████ | | ██████ | ████████████ |





9. ██████████. is the lawful assignee of all rights, title, and interest in and to Patent Number ██████████. The ████████████████████████████████████████, with the named inventor ██████████.

10. Plaintiff also has registered the trademarks ████████████████████████ ████████████ ████████████████████████████████████████, and ████████ (██████████ (collectively, the "██████████" Trademarks). The ██████████ Trademarks are distinctive and identify the merchandise as goods originating from the Plaintiff. The registrations for the ████ ██████████ Trademarks constitute prima facie evidence of their validity and of Plaintiff's exclusive right to use the ██████████ Trademarks pursuant to 15 U.S.C. § 1057(b). The ██████████ Trademarks have been continuously used and have never been abandoned since their first use.

11. Plaintiff uses the ██████████ Trademarks to identify its goods. The trademarks are distinctive when applied to Plaintiff's goods, signaling to the purchaser and consumer that the products are from Plaintiff and are made and manufactured to Plaintiff's original specifications and standards.

12.     Since its initial launch of the original ███████████ branded products and its first use of the ████████████ Trademarks, Plaintiff's trademarks have been the subject of substantial and continuous marketing and promotion by Plaintiff throughout the United States and, due to its strong internet presence, throughout the entire world. Plaintiff has and continues to widely promote and market its trademarks to the general public, including through its website and social media. Genuine and authentic ████████████ branded products are offered and sold by Plaintiff directly through its website, authorized e-commerce storefronts, and retail stores.

13.     Plaintiff has expended substantial time, money, and other resources to develop, advertise, and otherwise promote the ████████████ Trademarks. As a result, consumers recognize that products bearing the distinctive ████████████ Trademarks originate exclusively from Plaintiff.

14.     Plaintiff is also the owner of several copyright registrations ████████████ ██████████████████████ ). The registration information for the ████████████ Works and copies of the corresponding images are shown in **Exhibit 1** attached hereto. Upon information and belief, the copyright registrations have an effective date that predates the Defendants' acts of copyright infringement.

15.     Since their first publication, the ████████████ Works have been used to sell ████ ████████ Products. Plaintiff's products and its accompanying copyrighted works have been the subject of substantial and continuous marketing and promotion by Plaintiff throughout the United States and, due to its strong internet presence, throughout the entire world.

16.     Among the exclusive rights granted to Plaintiff under the U.S. Copyright Act are the exclusive rights to reproduce, distribute, and display the ████████████ Works to the public.

**Defendants**

17.     Defendants are individuals and entities who, upon information and belief, reside in the People's Republic of China or other foreign jurisdictions. Defendants conduct business throughout the United States, including within the State of Illinois and in this Judicial District, through the operation of fully interactive commercial websites and online commercial marketplaces operating under the Defendant Internet Stores. Each Defendant targets the United States, including Illinois, and has offered to sell and, on information and belief, has sold and continues to sell infringing products to consumers within the United States, including Illinois and this Judicial District.

18.     Defendants are an interrelated group of infringers and counterfeiters who create numerous Defendant Internet Stores and design these stores to appear to be selling genuine ███ ███████ Products, while they actually sell inferior imitations of Plaintiff's ██████████ Products. Defendants also knowingly and willfully manufacture, import, distribute, offer for sale, and sell infringing products. Defendant Internet Stores share unique identifiers, such as common design elements, the same or similar counterfeit products that they offer for sale, similar counterfeit product descriptions, the same or substantially similar shopping cart platforms, accepted payment methods, and check-out methods, lack of contact information, and identically or similarly priced counterfeit products and volume sale discounts. As such, the Defendant Internet Stores establish a logical relationship between them and suggest that Defendants' illegal operations arise out of the same transaction or occurrence. The tactics used by Defendants to conceal their identities and the full scope of their counterfeiting operation make it virtually impossible for Plaintiff to learn the precise scope and the exact interworking of their counterfeit network. If Defendants provide

additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

## IV.    DEFENDANTS' UNLAWFUL CONDUCT

19.    The success of Plaintiff's brands has resulted in significant infringement and counterfeiting. Consequently, Plaintiff has identified numerous marketplace listings on e-commerce platforms such as, but not limited to, ███████████████████ ███████████████████████ that include the Defendant Aliases and which have been offering for sale, completing sales, or exporting illegal products to consumers in this Judicial District and throughout the United States. Defendants have persisted in creating Defendant Aliases. E-commerce sales, including e-commerce internet stores like those of Defendants, have resulted in a sharp increase in the shipment of unauthorized products into the United States. *See* **Exhibit 2**, U.S. Customs and Border Protection, *Intellectual Property Rights Seizure Statistics, Fiscal Year 2024*. According to Customs and Border Patrol's ("CBP") report, from Fiscal Year (FY) 2020 to FY 2024, the total number of goods seized for IPR violations has more than doubled. In addition to seizure, CBP executed 99,959 alternative enforcement actions, such as abandonment and destruction. *Id.* China and Hong Kong are consistently the top two for IPR seizures. In FY 2024, seizures from China and Hong Kong accounted for approximately 90% of the total quantity seized. *Id.* The vast majority of IPR seizures continue to take place within the express consignment and mail shipping methods. In FY 2024, 97% of IPR seizures in the cargo environment occurred in the de minimis shipments. *Id.* Counterfeit and pirated products account for billions of dollars in economic losses, resulting in tens of thousands of lost jobs for legitimate businesses and broader economic losses, including lost tax revenue.

20. Counterfeiters, such as Defendants here, are typically in communication with each other. They regularly participate in QQ.com chat rooms and communicate through websites such as sellerdefense.cn, kaidianyo.com, and kuajingvs.com, where they discuss tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits.

21. Counterfeiting rings take advantage of the anonymity provided by the internet, which allows them to evade enforcement efforts to combat counterfeiting. For example, counterfeiters take advantage of the fact that marketplace platforms do not adequately subject new sellers to verification and confirmation of their identities, allowing counterfeiters to "routinely use false or inaccurate names and addresses when registering with these Internet platforms." *See* **Exhibit 3**, Daniel C.K. Chow, *Alibaba, Amazon, and Counterfeiting in the Age of the Internet*, 41 NW. J. INT'L. L. & BUS. 24 (2020). Additionally, "Internet commerce platforms create bureaucratic or technical hurdles in helping brand owners to locate or identify sources of counterfeits and counterfeiters." *Id.* at 25. Therefore, with the absence of regulation, Defendants may and do garner sales from Illinois residents by setting up and operating e-commerce internet stores that target United States consumers using one or more aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars, and, on information and belief, have sold counterfeit products to residents of Illinois.

22. Upon information and belief, at all relevant times hereto, the Defendants in this action have had full knowledge of Plaintiff's ownership of the ██████████ design patent, copyrights, and trademarks ("██████████ Intellectual Property"), including its exclusive right to use and license such intellectual property and the associated goodwill. Defendant Internet Stores also use the same pictures to advertise their infringing product that Plaintiff uses on its webpage,

social media, and other online marketplaces to sell and advertise its genuine and original ███

███ Products, sowing further confusion among potential purchasers.

23.     Defendants go to great lengths to conceal their identities by using multiple fictitious

names and addresses to register and operate their massive network of Defendant Internet Stores.

Other Defendant domain names often use privacy services that conceal the owners' identities and

contact information. Upon information and belief, Defendants regularly create new websites and

online marketplace accounts on various platforms by using the identities listed in Schedule A of

this Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet

Store registration patterns are one of the many common tactics used by Defendants to conceal their

identities, the full scope and interworking of their massive counterfeiting operation, and to avoid

being shut down.

24.     The infringing products for sale in Defendant Internet Stores bear similarities and

indicia of being related to one another, suggesting that the infringing products were manufactured

by and come from a common source and that, upon information and belief, Defendants are

interrelated.

25.     Upon information and belief, Defendants are an interrelated group of infringers

working in active concert to knowingly and willfully manufacture, import, distribute, offer for

sale, and sell infringing products in the same transaction, occurrence, or series of transactions or

occurrences. Defendants, without any authorization or license from Plaintiff, have jointly and

severally, knowingly and willfully, offered for sale, sold, and/or imported into the United States

for subsequent resale or use products that directly and/or indirectly infringe ███████

Design. Each e-commerce store operating under the Seller Aliases offers shipping to the United

States, including Illinois, and, on information and belief, each Defendant has sold infringing products in the United States and Illinois over the internet.

26.     Defendants' infringement of the ███████ Design in making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of the infringing products was willful.

27.     Upon information and belief, Defendants also deceive unknowing customers by using the ███████ Trademarks, without authorization, within the content, text, and/or metatags of their websites and marketplace storefronts to attract various search engines on the internet looking for websites relevant to consumer searches for Plaintiff's ███████ branded products. Additionally, upon information and belief, Defendants use other unauthorized search engine optimization tactics and social media spamming so that the Defendants Internet Stores listings show up at or near the top of relevant search results after others are shut down. As such, Plaintiff also seeks to disable domain names owned by Defendants that are the means by which Defendants could continue to sell counterfeit products.

28.     Defendants, without authorization or license from Plaintiff, knowingly and willfully used and continue to use the ███████ Trademarks and Works in connection with the advertisement, offer for sale, and sale of the counterfeit products, through, *inter alia*, the internet. The infringing products are not ███████ branded products of the Plaintiff. Plaintiff did not manufacture, inspect, or package the infringing products and did not approve the infringing products for sale or distribution. Each of the Defendant Internet Stores offers shipping to the United States, including Illinois, and, on information and belief, each Defendant has sold counterfeit products into the United States, including Illinois.

29.     Defendants' use of the ▇▇▇▇▇▇ Trademarks and Works in connection with the advertising, distribution, offer for sale, and sale of infringing products, including the sale of infringing products into Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

30.     Upon information and belief, Defendants will continue to register or acquire listings for the purpose of selling infringing products that infringe upon ▇▇▇▇▇▇ Intellectual Property unless preliminarily and permanently enjoined.

## COUNT I

## INFRINGEMENT OF UNITED STATES DESIGN PATENT (35 U.S.C. § 271)

31.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 30.

32.     Plaintiff is the lawful assignee of all right, title, and interest in the ▇▇▇▇▇▇ Design. *See* **Exhibit 1**.

33.     Defendants are making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use infringing products that infringe the ornamental design claimed in the Plaintiff's design patent either directly or under the doctrine of equivalents.

34.     Defendants have been and are infringing Plaintiff's design patent by making, using, selling, or offering for sale in the United States, or importing into the United States, including within this judicial district, the accused products in violation of 35 U.S.C. § 271(a).

35.     Defendants have infringed Plaintiff's design patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude

others from making, using, selling, offering for sale, and importing the patented design. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

36.    Defendants have infringed Plaintiff's design patent because, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, the ornamental design of Plaintiff's design patent and the overall design features of Defendants' products are substantially the same, if not identical, with resemblance such as to deceive an ordinary observer, including to deceive such observer to purchase an infringing product supposing it to be Plaintiff's product protected by Plaintiff's design patent.

37.    Plaintiff is entitled to recover damages adequate to compensate for the infringement, including Defendants' profits pursuant to 35 U.S.C. § 289. Plaintiff is entitled to recover any other damages that are appropriate pursuant to 35 U.S.C. § 284.

### COUNT II

### COPYRIGHT INFRINGEMENT (17 U.S.C. § 501(a))

38.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 37.

39.    Plaintiff's works have significant value and have been produced and created at considerable expense. Plaintiff is the owner of each original work, and all works at issue have been registered with the U.S. Copyright Office. *See* **Exhibit 1**.

40.    Plaintiff, at all relevant times, has been the holder of the pertinent exclusive rights infringed by Defendants, as alleged hereunder, including, but not limited to, the Plaintiff's copyrighted works, including derivative works.

41.    Upon information and belief, Defendants had access to the works through Plaintiff's normal business activities. After accessing Plaintiff's works, Defendants wrongfully

created copies of the Plaintiff's copyrighted works without Plaintiff's consent and engaged in acts of widespread infringement through publishing and distributing the Plaintiff's works via online websites and digital markets in connection with the marketing of their counterfeit products. Indeed, every photograph used by Defendants is virtually identical to the Plaintiff's original works.

42.     Plaintiff is informed and believes and thereon alleges that Defendants further infringed Plaintiff's copyrights by making or causing to be made derivative works from Plaintiff's works by producing and distributing reproductions without Plaintiff's permission.

43.     Defendants, without the permission or consent of Plaintiff, have published online infringing derivative works of Plaintiff's works. Defendants have violated Plaintiff's exclusive rights of reproduction and distribution. Defendants' actions constitute an infringement of Plaintiff's exclusive rights protected under the Copyright Act, 17 U.S.C. § 101, et seq.

44.     Further, as a direct result of the acts of copyright infringement, Defendants have obtained direct and indirect profits they would not have otherwise realized but for their infringement of the copyrighted Plaintiff's works. Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to their infringement of Plaintiff's works.

45.     The foregoing acts of infringement constitute a collective enterprise of shared, overlapping facts, and have been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

46.     As a result of Defendants' infringement of Plaintiff's exclusive rights under its copyrights, Plaintiff is entitled to relief pursuant to 17 U.S.C. § 504, and to recovery of its costs and attorneys' fees pursuant to 17 U.S.C. § 505.

47.     The conduct of Defendants is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated

or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502-503, Plaintiff is entitled to injunctive relief prohibiting Defendants from further infringing Plaintiff's copyrights and ordering that Defendants destroy all unauthorized copies. Defendants' copies, digital files, and other embodiments of Plaintiff's copyrighted works from which copies can be reproduced should be impounded and forfeited to Plaintiff as instruments of infringement, and all infringing copies created by Defendants should be impounded and forfeited to Plaintiff, under 17 U.S.C. § 503.

## COUNT III

## <u>TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)</u>

48.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 47.

49.     This case also concerns a trademark infringement and counterfeiting action against Defendants based on their unauthorized use in commerce of counterfeit imitations of the federally registered ███████ Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods. The ███████ Trademarks are distinctive marks. Consumers have come to expect the highest quality from Plaintiff's products bearing ███████ ███ Trademarks.

50.     Defendants have and continue to sell, market, distribute, and advertise products bearing the ███████ Trademarks without Plaintiff's permission.

51.     Plaintiff is the exclusive owner of Plaintiff's trademarks. Plaintiff's U.S. Registrations for the ███████ Trademarks are in full force and effect. *See* **Exhibit 1**. Upon information and belief, Defendants have knowledge of Plaintiff's rights in Plaintiff's trademarks and are willfully and intentionally offering counterfeit items bearing Plaintiff's trademarks.

Defendants' willful, intentional, and unauthorized use of Plaintiff's trademarks is likely to cause confusion, mistake, and deception as to the origin and quality of the counterfeit goods among the general consuming public.

52.     Defendants' activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

53.     Plaintiff has no adequate remedy at law, and if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its well-known trademark.

54.     The injuries sustained by Plaintiff have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offer to sell, and sale of counterfeit versions of Plaintiff's ███████ branded products.

## aqPRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A.     That Defendants, their affiliates, officers, agents, employees, attorneys, and all other persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    i.     using Plaintiff's trademarks in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine product of Plaintiff, or is not authorized by Plaintiff to be sold in connection with Plaintiff's trademarks;

    ii.     passing off, inducing, or enabling others to sell or pass off any product as a genuine Plaintiff product or any other product produced by Plaintiff that is not Plaintiff's or not produced under the authority, control, or supervision of Plaintiff and approved

by Plaintiff for sale under Plaintiff's trademarks and associated with or derived from Plaintiff's trademarks;

iii.    making, using, selling, and/or importing to the United States for retail sale or resale any products that infringing Plaintiff's trademarks;

iv.    committing any acts calculated to cause consumers to believe that Defendants' counterfeit products are sold under the authority, control, or supervision of Plaintiff, or are sponsored by, approved of, or otherwise connected with Plaintiff, including without limitation through use of Plaintiff's original photographs and marketing text in connection with the offer or sale of counterfeit products;

v.    further infringing Plaintiff's trademarks and damaging Plaintiff's goodwill;

vi.    otherwise competing unfairly with Plaintiff in any manner;

vii.    shipping (including drop-shipping), delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any Plaintiff's trademarks, or any reproductions, counterfeit copies, or colorable imitations thereof;

viii.    using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Stores, or any other domain name or online marketplace account that is being used to sell or is how Defendants could continue to sell counterfeit products;

ix.    operating and/or hosting websites at the Defendant Internet Stores of any other domain names registered or operated by Defendants that are involved in the distribution, marketing, advertising, offering for sale, or sale of any product bearing

18

the Plaintiff's trademarks or reproduction, counterfeit copy, or colorable imitation thereof that is not a genuine product or not authorized by Plaintiff to be sold in connection with the Plaintiff's trademarks; and,

    x. registering any additional domain names that use or incorporate any portion of the Plaintiff's trademarks; and,

B. That Defendants, their affiliates, officers, agents, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    i. displaying images protected by the Plaintiff's trademarks in connection with the distribution, advertising, offer for sale and/or sale of any product that is not a genuine product of Plaintiff's or is not authorized by Plaintiff to be sold in connection with the Plaintiff's trademarks; and

    ii. shipping, delivering, holding for same, distributing, returning, transferring, or otherwise moving, storing, or disposing of in any manner products or inventory not manufactured by or for Plaintiff, not authorized by Plaintiff to be sold or offered for sale, and protected by the Plaintiff's trademarks or any reproductions, counterfeit copies, or colorable imitation thereof; and,

C. That Defendants, within fourteen (14) days after service of judgment with notice of entry thereof upon them, be required to file with the Court and serve upon Plaintiff a written report under oath setting forth in detail the manner and form in which Defendants have complied with any and all injunctive relief ordered by this Court;

D. Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including any online marketplaces such as: ████

19

██████████████████████████████████████████████████████████ ;
payment processors such as: PayPal, Stripe, Payoneer, and LianLian; social media
platforms such as: Facebook, Instagram, Snapchat, TikTok, YouTube, LinkedIn, Twitter;
Internet search engines such as: Google, Bing, and Yahoo; webhosts for the Defendants
Domain Names; and domain name registrars, that are provided with notice of the
injunction, cease facilitating access to any or all webstores through which Defendants
engage in the sale of counterfeit products using the Plaintiff's trademarks; shall:

    i.    disable and cease providing services for any accounts through which Defendants
engage in the sale of counterfeit Plaintiff's ██████████ branded product using
Plaintiff's trademarks, including any accounts associated with the Defendants listed
on Schedule A;

    ii.    disable and cease displaying any advertisements used by or associated with
Defendants in connection with the sale of counterfeiting and infringing counterfeit
product using Plaintiff's trademarks; and,

    iii.    take all steps necessary to prevent links to the Defendant Online Stores identified
in Schedule A from displaying in search results, including, but not limited to,
removing links to the Defendant Online stores from any search index; and,

E.    That each Defendant account for and pay to Plaintiff all profits realized by Defendants by
reason of Defendants' unlawful acts herein alleged, and that the amount of damages for
infringement of Plaintiff's trademarks be increased by a sum not exceeding three times the
amount thereof as provided by 15 U.S.C. § 1117;

F.    For Judgment in favor of Plaintiff against Defendants that they have: (a) willfully infringed
Plaintiff's trademarks in its federally registered trademarks pursuant to 15 U.S.C. § 1114;

20

and (b) otherwise injured the business reputation and business of Plaintiff by Defendants'
acts and conduct set forth in this Complaint;

G. For Judgment in favor of Plaintiff against Defendants for actual damages or statutory
damages pursuant to 15 U.S.C. § 1117, at the election of Plaintiffs, in an amount to be
determined at trial;

H. In the alternative, that Plaintiff be awarded statutory damages pursuant to 15 U.S.C. §
1117(c)(2) of $2,000,000 for each and every use of Plaintiff's trademarks;

I. That Defendants, their affiliates, officers, agents, employees, attorneys, and all persons
acting for, with, by, through, under or in active concert with them be temporarily,
preliminarily, and permanently enjoined and restrained from:

    i. making, using, offering for sale, selling, and/or importing into the United States for
subsequent sale or use any products not authorized by Plaintiff and that include any
reproduction, copy or colorable imitation of the designs claimed in the Plaintiff's
design patent;

    ii. aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon
Plaintiff's design patent; and

    iii. effecting assignments or transfers, forming new entities or associations or utilizing
any other device for the purpose of circumventing or otherwise avoiding the
prohibitions set forth in Subparagraphs (a) and (b); and

J. Entry of an Order that, upon Plaintiff's request, those with notice of the injunction,
including, without limitation, any online marketplace platforms such as ▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮;
payment processors such as: PayPal, Stripe, Payoneer, and LianLian; social media

platforms such as: Facebook, Instagram, Snapchat, TikTok, YouTube, LinkedIn, and Twitter; Internet search engines such as Google, Bing, and Yahoo; webhosts for the Defendants Domain Names; and domain name registrars shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of goods that infringe the ornamental design claimed in the Plaintiff's design patent;

K.    That Plaintiff be awarded such damages as it shall prove at trial against Defendants that are adequate to compensate Plaintiff for Defendants' infringement of Plaintiff's design patent, but in no event less than a reasonable royalty for the use made of the invention by the Defendants, together with interest and costs, pursuant to 35 U.S.C. § 284;

L.    That the amount of damages awarded to Plaintiff to compensate Plaintiff for infringement of the Plaintiff's design patent be increased by three times the amount thereof, as provided by 35 U.S.C. § 284;

M.    In the alternative, that Plaintiff be awarded complete accounting of all revenue and profits realized by Defendants from Defendants' infringement of the Plaintiff's design patent, pursuant to 35 U.S.C. § 289;

N.    That Defendants, their affiliates, officers, agents, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

     i.    using the Plaintiff's copyrighted works or any reproductions, copies, or colorable imitations thereof in any manner with the distribution, marketing, advertising, offering for sale, or sale of any product that is not an authorized ████████ Products or is not authorized by Plaintiff to be sold in connection with the Plaintiff's copyrighted works;

ii. passing off, inducing, or enabling others to sell or pass off any product or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under Plaintiff's copyrighted works;

iii. further infringing the Plaintiff's copyrighted works and damaging Plaintiff's goodwill;

iv. shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not authorized by Plaintiff to be sold or offered for sale, and which directly use the Plaintiff's copyrighted works, and which are derived from Plaintiff's copyrights in the copyrighted works; and

v. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Stores, or any other online marketplace account that is being used to sell products or inventory not authorized by Plaintiff which are derived from Plaintiff's copyrights in the copyrighted works; and

O. Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including any online marketplaces such as: ███████ ████████████████████████████████████████████████████████████████; payment processors such as: PayPal, Stripe, Payoneer, and LianLian; social media platforms such as: Facebook, Instagram, Snapchat, TikTok, YouTube, LinkedIn, and Twitter; Internet search engines such as Google, Bing, and Yahoo; webhosts for the Defendants Domain Names; and domain name registrars, that are provided with notice of the injunction, cease facilitating access to any or all webstores through which Defendants engage in the sale of infringing products using the Plaintiff's copyrights; shall:

23

     i.      disable and cease providing services for any accounts through which Defendants engage in the sale of products not authorized by Plaintiff which reproduce Plaintiff's copyrighted works or are derived from the Plaintiff's copyrighted works, including any accounts associated with the Defendants listed on Schedule A;

     ii.     disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of products not authorized by Plaintiff which are derived from Plaintiff's copyrighted works; and

     iii.     take all steps necessary to prevent links to the Defendant accounts identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant accounts from any search index; and

P.  For Judgment in favor of Plaintiff against Defendants that they have: a) willfully infringed Plaintiff's rights in her federally registered copyrights pursuant to 17 U.S.C. §501; and b) otherwise injured the business reputation and business of Plaintiff by Defendants' acts and conduct set forth in this Complaint;

Q.  For Judgment in favor of Plaintiff against Defendants for actual damages or statutory damages pursuant to 17 U.S.C. §504, at the election of Plaintiff, in an amount to be determined at trial;

R.  In the alternative, that Plaintiff be awarded statutory damages pursuant to 17 U.S.C. §504(c)(2) of $150,000 for each and every use of Plaintiff's copyrighted works;

S.  That Plaintiff be awarded its reasonable attorneys' fees and costs; and,

T.  That Plaintiff be awarded any and all other relief that this Court deems equitable and just. Plaintiff demands trial by jury as to all causes of action so triable.

Dated: September 29, 2025                     Respectfully submitted,

                                              /s/ James E. Judge

                                              Zareefa B. Flener (IL Bar No. 6281397)
                                              James E. Judge (IL Bar No. 6243206)
                                              Ying Chen (IL Bar No. 6346961)
                                              Flener IP Law, LLC
                                              77 West Washington Street, Suite 800
                                              Chicago, Illinois 60602
                                              (312) 724-8874
                                              jjudge@fleneriplaw.com